IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| SARAH JORDAN, | ) | |
| --- | --- | --- |
| | ) | 7:05CV5007 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| JAY COBLE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion for summary judgment. Filing No. 22. Plaintiff filed this action in the District Court of Cherry County, Nebraska, alleging that defendant negligently injured her during an auto collision. Plaintiff asked for damages in excess of $25,000. Filing No. 1. Defendant removed this case to federal court alleging diversity of the parties and damages in excess of $75,000. *Id.* Defendant filed an answer alleging that all of plaintiff's claims are barred by a release signed by plaintiff in the amount of $8,175. Filing No. 6.

The court has reviewed the complaint in this case and has serious concerns about whether it has subject matter jurisdiction in this case. The plaintiff has not alleged an amount in controversy that would give this court jurisdiction. The defendant has made a conclusory statement in his removal petition that this case meets the $75,000 amount-in-controversy requirement. Yet, the release in question amounts to $8,175.

Whenever it appears, by suggestion of the parties or otherwise, that the court lacks jurisdiction of the subject matter, the action is subject to dismissal. Fed. R. Civ. P. 12(h)(3). Even if the allegation of jurisdictional amount has not been challenged, a court has a duty to ensure that the amount in controversy satisfies the statutory requirements. *James Neff Kramper Family Farm Partnership v. IBP, Inc.*, 393 F.3d 828, 830 (8th Cir. 2005). Whether or not plaintiffs satisfy the $75,000 amount-in-controversy requirement

under 28 U.S.C. § 1332 is a jurisdictional issue. *Trimble v. Asarco, Inc.*, 232 F.3d 946, 954 n.9. (8th Cir. 2000) (noting that jurisdictional issues, whether they involve questions of law or fact, are for the court to decide). The amount claimed by plaintiff generally controls in determining the jurisdictional amount. *See Zunamon v. Brown*, 418 F.2d 883, 885 (8th Cir. 1969). However, if it appears to a legal certainty that the plaintiff cannot in good faith claim the jurisdictional amount, dismissal for lack of subject matter jurisdiction is warranted. *Id.* Even if the allegation of jurisdictional amount has not been challenged, a court has a duty to ensure that the amount in controversy satisfies the statutory requirements. *See, e.g., Clark v. Paul Gray, Inc.*, 306 U.S. 583, 588 (1939). Thus, the district court has subject matter jurisdiction in a diversity case when a fact-finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than the jurisdictional threshold. *See Kopp v. Kopp*, 280 F.3d 883, (8th Cir. 2002). The jurisdictional fact in this case is not whether the damages are greater than the requisite amount, but whether a fact-finder might legally conclude that they are. In other words, an amount that a plaintiff claims is not "in controversy" if no fact-finder could legally award it. The defendant must show by a preponderance of the evidence that this court had the requisite jurisdictional amount at the time of removal. *James Neff Kramper Family v. IBP, Inc.,* 393 F.3d 828, 831 (8th Cir. 2005).

THEREFORE, IT IS ORDERED that the defendant shall have seven days from the date of this order to brief the issue concerning the amount-in-controversy requirement for subject matter jurisdiction in this case. Thereafter, the plaintiff shall have seven days from defendant's brief to file its brief.

DATED this 16th day of October, 2006.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge