IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SARAH JORDAN, | ) |
| | ) 7:05CV5007 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) MEMORANDUM AND ORDER |
| JAY COBLE, | ) |
| | ) |
| Defendant. | ) |

This matter is before the court on defendant's motion for summary judgment. Filing No. 22. Plaintiff filed this action in the District Court of Cherry County, Nebraska, alleging that defendant negligently injured her during an auto collision. Defendant removed this case to federal court alleging diversity of the parties and damages in excess of $75,000.00. *Id*. Defendant filed an answer alleging that all of plaintiff's claims are barred by a release signed by plaintiff in the amount of $8,175.[1] Filing No. 6.

<u>*Legal Standard*</u>

Summary judgment is appropriate when, in viewing the facts and inferences in the light most favorable to the nonmoving party, "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Harder v. ACANDS*, Inc., 179 F.3d 609, 611 (8th Cir.1999). Once a party has filed a motion for summary judgment, the burden shifts to the nonmoving party to "go beyond the pleadings and 'by affidavit or otherwise' designate 'specific facts showing that there is

---

[1]The court initially had concerns regarding jurisdiction in this case and ordered the parties to file briefs. Filing No. 30. Defendant responded, Filing Nos. 33, 34 and 35. The plaintiff did not respond to this court order. The court has carefully reviewed the arguments of counsel and determines that it does in fact have jurisdiction in this case.

a genuine issue for trial.'" *Planned Parenthood of Minnesota/South Dakota v. Rounds,* 372 F.3d 969, 972 (8th Cir. 2004) (quoting *Commercial Union Ins. Co. v. Schmidt*, 967 F.2d 270, 271 (8th Cir.1992)). A dispute is genuine if the evidence is such that a reasonable trier of fact could return a decision in favor of the party opposing summary judgment. *Id.* In ruling on a motion for summary judgment, a court must not weigh evidence or make credibility determinations. *Kenney v. Swift Transp. Co.*, 347 F.3d 1041, 1044 (8th Cir. 2003). Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate. *Koehn v. Indian Hills Community College,* 371 F.3d 394, 396 (8th Cir. 2004).

*Facts*

On or about May 5, 2001, plaintiff and defendant were involved in an automobile accident. Plaintiff went to the hospital and was diagnosed with a cervical strain. A month later, plaintiff and her husband signed a release of personal injury and property claims, known and unknown, with defendant in return for $8,175.00, $500.00 of which was designated for the personal injury claim. Filing No. 6, Ex. A. On August 2004, three years later, plaintiff went to the doctor with neck pain. She discovered she had a neck fracture, possibly from the May 5, 2001, automobile accident. She then filed this lawsuit against defendant for negligence for cervical injuries and damages in connection with the May 5, 2001, accident. Defendant argues that the release bars any action for negligence by plaintiff against the defendant.

*Discussion*

Defendant contends that the release of all claims bars the plaintiff from proceeding in this action. The court disagrees. Defendant contends that nowhere does the plaintiff

2

plead a mutual mistake of fact or a latent or progressive injury.  Further, argues defendant, the X-rays taken in 2001 did not reveal a cervical fracture, and plaintiff did not seek additional treatment until 2004.  There is no evidence that plaintiff was forced or coerced to sign the release, and plaintiff so testified in her deposition.  Filing No. 23, Pl. Dep. 34:9-11.

Plaintiff argues that she signed the release for "physical injuries that I knew of at that time." *Id.* at 29:24-25, 30:1-25.  Plaintiff contends that it was a mistake of fact that allowed her to sign the release.  She did not know of the potential neck fracture at that time.  Plaintiff admits that she saw no doctor for her neck injury from the time she signed the release on June 5, 2001, until August of 2004.  *Id.* at 33:10-16.  Plaintiff also testified that she was not forced to sign the release.  *Id.* at 34:9-11.  Plaintiff testified that she received a letter from Farm Bureau with the release, but she does ever recall visiting with an agent regarding signing the release.  *Id.* at 39:12-19; 44:12 - 45:2.  Plaintiff testified that Dr. Tim Watt tried to figure out what had caused her neck fracture in August 2004.  He told her he only saw those types of fractures with football injuries or car accidents.  *Id.* at 40:11 - 41:2.  He believed this fracture might have been related, at least partially, to her earlier 2001 car accident.  Filing No. 27 at 4.

Plaintiff relies on the *Oliver* case which states: "Nebraska has long followed the majority rule that a settlement agreement which purports to release any and all claims for accident-related damages may be set aside on grounds of mutual mistake where there are injuries of a serious character wholly unknown to the parties which were not taken into consideration when the release was executed."  *Oliver v. Clark*, 537 N.W.2d 635, 639 (Neb. 1995).  The Nebraska Supreme Court has also stated:

3

> Where one who has sustained personal injuries, and with his attention directed to the known injuries, which are trivial in their nature, contracts for the settlement of his damages with reference thereto, in ignorance of other and more serious injuries, both parties at the time believing that the known injuries are all the injuries sustained, then there is a mutual mistake, and the release, although couched in general terms, should be held not to be a bar to an action for the more serious and unknown injuries.

*Simpson v. Omaha & C.B.. Street R. Co.*, 186 N.W. 1001, 1003 (Neb. 1922); *see also Frahm v. Carlson*, 334 N.W.2d 795, 796 (Neb. 1983) (release between parties based on mutual mistake is a question for the jury).

"To avoid a written release of damages for personal injuries on grounds of mutual mistake of the parties, the mistake must relate to facts that are material to the contract of settlement and not to an opinion as to future conditions as the result of present unknown facts. In the usual case the controversy relates to the nature and extent of injuries sustained in the accident." *Swartz v. Topping*, 213 N.W.2d 718, 720 (Neb. 1974); *see also McCamley v. Moss,* 587 F.2d 391, 395 (8th Cir. 1978) (automobile accident case where plaintiff signed a release for back and neck pains that sixteen months later turned out to be a compression fracture, plaintiff held not to relinquish all claims); *Oliver v. Clark*, 537 N.W.2d 635, 637 (Neb. 1995).

The court finds the case before it is nearly identical to the *Oliver* case. Both cases involve car accidents, similar initial injuries, releases for $500.00, and a much later diagnosis of cervical fractures. The court in *Oliver* concluded that whether the release should be set aside is not a question for summary judgment, as such facts created an "inference" that the parties may have been contracting for merely minor injuries. *Oliver*, 537 N.W.2d at 639. Accordingly, the court concludes that defendant's motion for summary judgment, Filing No. 22, should be denied.

THEREFORE, IT IS ORDERED that defendant's motion for summary judgment, Filing No. 22, is denied.

DATED this 29th day of December, 2006.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge